# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| **GOODWILL PARTNERSHIP D/B/A** § | |
| **HOME2 SUITES,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | **CASE NO.: 2:22-cv-2670** |
| § | |
| **MIDDLESEX INSURANCE COMPANY,** § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

COMES NOW Defendant Middlesex Insurance Company ("Middlesex"), and files this Notice of Removal of this action from the Chancery Court of Shelby County, Tennessee (Case Number CH-22-1195), to the United States District Court for the Western District of Tennessee, Western Division, and shows unto the Court the following:

**I.**

This action was commenced in the Chancery Court of Shelby County, Tennessee, on August 22, 2022 (with an amended complaint filed on August 23, 2022), and is now pending therein. Copies of Plaintiff's complaint and amended complaint are attached hereto as part of Exhibit A. The Tennessee Department of Commerce & Insurance was served on September 1, 2022, and Middlesex received service from the Tennessee Department of Commerce & Insurance on September 14, 2022. Therefore, Middlesex is removing this case within thirty days from the date of service, and the removal of this case to this Court is timely pursuant to 28 U.S.C. § 1446(b)(2)(B).

## II.

Copies of all process, pleadings, and orders served on or by Middlesex in this action are attached hereto as Exhibit A.

## III.

This action is one of a civil nature over which the District Court has original jurisdiction because of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

## IV.

Plaintiff Goodwill Partnership d/b/a Home2 Suites, at the time of the commencement of this action and since that time, is a general partnership organized and existing under the laws of the State of Tennessee, with its principal place of business in Memphis, Tennessee. The partnership consists of the following partners, identified with their respective citizenship:

- Yogesh Purohit, a citizen of the State of Mississippi.
- Visanji T. Gala, a citizen of the State of Tennessee.
- Lalit Bhog, a citizen of Washington, D.C.
- Hemang Shah, a citizen of the State of Indiana.
- Suketu Shah, a citizen of the State of Illinois.
- Vinod Nathani, a citizen of the State of Tennessee.
- Kaushik Parekh, a citizen of the State of Tennessee.
- Vinod Shah, a citizen of the State of Florida.
- Salil Parekh, a citizen of the State of Tennessee.
- Neal Shah, a citizen of the State of Pennsylvania.
- Sangeeta Purohit, a citizen of the State of Mississippi.
- Mukesh Jain, a citizen of the State of Tennessee.

Therefore, for purposes of diversity citizenship, Plaintiff is a citizen of Tennessee, Mississippi, Indiana, Illinois, Florida, Pennsylvania, and Washington, D.C.

### V.

Middlesex, at the time of the commencement of this action and since that time, is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Stevens Point, Wisconsin.

### VI.

Plaintiff and Middlesex are citizens of different states. Accordingly, complete diversity exists pursuant to 28 U.S.C. § 1332(a)(1).

### VII.

The amended complaint asserts causes of action for declaratory judgment and bad faith against Middlesex, and seeks damages for those causes of action.

### IX.

The amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332(a). In the amended complaint, Plaintiff seeks to recover for an insurance claim related to water leaks and burst pipes at a hotel property. Plaintiff claims that it has suffered damages totaling at least $888,664.00, and claims that monetary damages continue to accrue. Plaintiff also seeks a 25% statutory penalty for bad faith damages, which would exceed $200,000. Therefore, by the clear terms of the complaint, the amount in controversy far exceeds $75,000, exclusive of interest and costs.[1] Therefore, the amount in controversy exceeds the jurisdictional threshold of this Court, and removal is proper.

---

[1] Middlesex denies the allegations in the complaint, and denies that it is liable to Plaintiff for the claims asserted against it in the complaint.

**X.**

Based on the foregoing, complete diversity exists, the amount in controversy is met, and jurisdiction is proper in this Court. Therefore, the case is subject to removal and properly before this Court.

WHEREFORE, PREMISES CONSIDERED, Middlesex prays that this Honorable Court take jurisdiction of this cause and issue all necessary orders and process in order to remove the above-styled action from the Chancery Court of Shelby County, Tennessee.

                                            Respectfully submitted,

                                            s/ Seth T. Hunter_____
                                            Seth T. Hunter (BPR No. 030200)
                                            Counsel for Middlesex Insurance Company

**OF COUNSEL:**
ELY & ISENBERG, LLC
3500 Blue Lake Drive, Suite 345
Birmingham, Alabama 35243
Telephone: (205) 313-1200
Facsimile: (205) 313-1201
shunter@elylawllc.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/ECF electronic filing system and/or U.S. Mail on this the 30th day of September, 2022.

Randall J. Fishman
Richard S. Townley
BALLIN, BALLIN & FISHMAN, P.C.
200 Jefferson Avenue, Suite 1250
Memphis, Tennessee 38103
rfishman@bbfpc.com
richard@bbfpc.com

                                            s/ Seth T. Hunter_____
                                            **OF COUNSEL**